**MORGAN & MORGAN, P.C.**
Rachel A. Zelman, Esq.            10051
500 Ala Moana Boulevard, Suite 7-400
Honolulu, Hawaii 96813
Telephone: (808) 466-6224
Email: rzelman@forthepeople.com

C. Ryan Morgan, Esq. *(Pro Hac Vice Forthcoming)*
Jolie N. Pavlos, Esq. *(Pro Hac Vice Forthcoming)*
Kimberly De Arcangelis (*Pro Hac Vice Forthcoming*)
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Email: RMorgan@forthepeople.com
        KimD@forthepeople.com
        Pavlos@forthepeople.com

*Counsel for the Plaintiff and Putative Class Members*

# UNITED STATES DISTRICT COURT
# DISTRICT OF HAWAII

| | |
|---|---|
| **SALU STATEN,** on behalf of herself, and others similarly situated, | Case No. _____ |
| Plaintiff, | **COLLECTIVE/CLASS ACTION COMPLAINT** |
| v. | |
| **POSITIVE BEHAVIOR SUPPORTS CORPORATION**, | **JURY DEMAND** |
| Defendant. | |

## COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff, SALU STATEN**,** on behalf of herself and others similarly situated, hereby files this Collective and Class Action Complaint against Defendant, POSITIVE

1

BEHAVIOR SUPPORTS CORPORATION ("PBS Corp." or "Defendant"), and alleges:

## INTRODUCTION

1. This is a collective action, brought pursuant to 29 U.S.C. § 216(b), and a class action, brought pursuant to Fed. R. Civ. P. 23, by Plaintiff, individually, and on behalf of all similarly situated persons employed by Defendant, arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and the Hawaii Wage and Hour Law, Haw. Rev. Stat. §§ 387-1, *et seq.* ("HWHL").

2. Defendant is in the business of providing applied behavioral analysis ("ABA") therapy services to individuals diagnosed with autism and related disabilities. *See* https://www.teampbs.com/ (last accessed September 27, 2024).

3. Defendant employed Plaintiff and other Registered Behavioral Technicians ("RBTs") who provide these therapy services.

4. Defendant classified Plaintiff and other RBTs as hourly-paid employees.

5. Despite regularly working more than forty (40) hours per week, Defendant failed to pay Plaintiff and other RBTs full and complete overtime compensation for all overtime hours worked.

6. On behalf of herself and other RBTs denied such overtime compensation, Plaintiff seeks an award of unpaid wages and liquidated damages, interest, attendant

penalties, and an award of attorneys' fees and costs to make them whole for damages they suffered.

## JURISDICTION

7. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201 *et seq.*

8. Additionally, this Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

9. This Court also has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1367.

10. This Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because the state law claim and the federal claim are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

11. The Court has personal jurisdiction over Defendant because Defendant conducts business in Hawaii, employs individuals—including Plaintiff—in Hawaii, is registered with the Hawaii Business Registration Division, Department of Commerce & Consumer Affairs (File # 91741 F1), has caused injuries in Hawaii, and generally

engages in substantial activities in Hawaii.

12. Personal jurisdiction also applies to Defendant because Defendant has purposefully availed itself of the privilege of conducting activities in Hawaii and has established minimum contacts sufficient to confer jurisdiction over it; and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

## VENUE

13. Venue is proper in the District of Hawaii under 28 U.S.C. § 1391(b) because Defendant employed Plaintiff and other RBTs in Hawaii. Therefore, a substantial part of the events forming the basis of this suit occurred in the District of Hawaii.

## PARTIES

14. Defendant, PBS Corp., is a Florida Profit Corporation registered to do business in Hawaii (File # 91741 F1). Defendant's Principal Office address is located at 7108 S Kanner Hwy, Stuart, FL 34997. Defendant's registered agent for service of process in Hawaii is Corporation Service Company, 1003 Bishop Street, Suite 1600 Pauahi Tower, Honolulu, Hawaii 96813.

15. According to the LinkedIn Profile of PBS Corp.'s Chief Executive Officer, PBS Corp. has a team of 4,000 employees across 21 states and Canada. *See*

https://www.linkedin.com/in/michaelnolanpbs/ (last visited September 27, 2024).

16. Plaintiff, Salu Staten, has been employed by Defendant in Oahu, Hawaii as an RBT from October 2020 to present.

17. PBS Corp. employs other similarly situated RBTs in Hawaii and across the United States ("Putative Class Members").

## COVERAGE

18. At all material times during the last three years, PBS Corp. was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

19. At all material times during the last three years, PBS Corp. was an employer as defined by 29 U.S.C. § 203(d).

20. At all material times during the last three years, PBS Corp. has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

21. At all material times during the last three years, PBS Corp. has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

    c. Handling, selling or working on goods or materials that have been moved

in or produced for commerce. (i.e. computers, telephones, office furniture and/or office supplies).

22. At all material times during the last three years, PBS Corp. was an employer as defined by HRS § 387-1.

23. At all material times during the last three years, Plaintiff was an employee as defined by HRS § 387-1.

**DEFENDANT'S FAILURE TO PAY COMPLETE AND PROPER OVERTIME COMPENSATION**

24. At all material times during the last three years, PBS Corp. has compensated Plaintiff and the Putative Class Members on an hourly basis.

25. As non-exempt, hourly employees, Plaintiff and the Putative Class Members are entitled to overtime compensation at the rate of one-and-one-half times their regular rate of pay for all hours worked over forty (40) in each week.

26. During their employment with PBS Corp., Plaintiff and the Putative Class Members often work more than forty (40) hours per week.

27. However, PBS Corp. failed to pay Plaintiff and the Putative Class Members overtime compensation at a rate of one-and-one-half times their regular rate of pay for all hours worked over forty (40) in a workweek. *See* examples of paystubs showing incomplete overtime compensation, attached as **Exhibit 1**.[1]

---

[1] Plaintiff's rate of pay during the pay periods identified in Exhibit 1 was $32 per hour. Later, Plaintiff was paid $36 per hour.

28. PBS Corp. had/has a company-wide policy of failing to pay its RBTs proper overtime compensation for all their overtime hours worked.

29. PBS Corp. knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and the Putative Class Members.

30. PBS Corp. did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) HWHL, Haw. Rev. Stat. §§ 387-1, *et seq.*, (d) Department of Labor Wage & Hour Opinion Letters or (e) the Code of Federal Regulations.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

31. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of:

> ***All similarly situated current and former hourly-paid Registered Behavioral Technicians, nationwide, who work or have worked for Defendant in the last three years and who worked more than forty (40) hours per week during one or more weeks.***

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition if necessary.

32. PBS Corp. is liable under the FLSA, for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

33. As part of its regular business practices, Defendant intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with

7

respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay Plaintiff and the FLSA Collective at a rate of time-and-one-half their "regular rate" of pay for all overtime hours worked.

34. PBS Corp. is aware or should have been aware that Plaintiff and the FLSA Collective are non-exempt employees and that federal law required it to compensate Plaintiff and the FLSA Collective for all hours worked over forty (40) hours per week at the rate of one-and-one-half times their "regular rate" of pay.

35. PBS Corp.'s unlawful conduct has been widespread, repeated, and consistent.

36. A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar position; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policy or plan; and (d) their claims are based upon the same factual and legal theories.

37. The key issue –whether RBTs are entitled to overtime compensation and the rate of one-and-one-half times their regular rate of pay—is the same among the proposed FLSA Collective members.

38. Many similarly situated current and former RBTs have been underpaid in

violation of the FLSA and would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

39. Court-supervised notice of this lawsuit should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

40. Those similarly situated employees are known to PBS Corp., are readily identifiable, and can be located through PBS Corp.'s personnel and payroll records.

41. Plaintiff estimates the proposed FLSA Collective, including both current and former employees over the relevant period, will include thousands of workers. The precise number of FLSA Collective members should be readily ascertainable from a review of PBS Corp.'s personnel and payroll records.

## RULE 23 HAWAII CLASS ACTION ALLEGATIONS

42. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on her own behalf and on behalf of:

> ***All similarly situated current and former hourly-paid Registered Behavioral Technicians, who work or have worked for Defendant in Hawaii during the last six years and who worked more than forty (40) hours per week during one or more weeks.***

(hereinafter referred to as the "Rule 23 Hawaii Class"). Plaintiff reserves the right to amend this definition if necessary.

43. The members of the Rule 23 Hawaii Class are so numerous that joinder of all Rule 23 Hawaii Class members in this case would be impractical. Plaintiff reasonably estimates there are hundreds, if not thousands, of Rule 23 Hawaii Class

members. Rule 23 Hawaii Class members should be easy to identify through PBS Corp.'s computer systems and electronic payroll and personnel records.

44. <u>Commonality.</u> There is a well-defined community of interest among Rule 23 Hawaii members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Hawaii Class. These common legal and factual questions, include, but are not limited to, the following:

    a. Whether PBS Corp. failed to pay Plaintiff and the Rule 23 Hawaii Class at the proper overtime rate of pay; and

    b. Whether PBS Corp. acted willfully in failing to pay Plaintiff and the Rule 23 Hawaii Class complete and proper overtime compensation.

45. <u>Numerosity.</u> Plaintiff estimates the size of the Rule 23 Hawaii Class to be hundreds, if not thousands, of individuals. This size makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Rule 23 Hawaii Class as a plaintiff in this action is impracticable. The identity of the members of the Rule 23 Hawaii Class will be determined from PBS Corp.'s records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Rule 23 Hawaii Class.

46. <u>Typicality.</u> Plaintiff's claims are typical of those of the Rule 23 Hawaii Class in that she and all other Rule 23 Hawaii Class members suffered damages as a

direct and proximate result of PBS Corp.'s common and systemic payroll policies and practices. Plaintiff's claims arise from the same pay policies, practices, promises and course of conduct as all other Rule 23 Hawaii Class members' claims and her legal theories are based on the same legal theories as all other Rule 23 Hawaii Class members.

47. <u>Adequacy.</u> Plaintiff will fully and adequately protect the interests of the Rule 23 Hawaii Class and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions, including parallel state law wage and hour claims under Rule 23. Neither Plaintiff nor their counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Hawaii Class.

48. <u>Superiority.</u> A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia,* it is economically infeasible for Rule 23 Hawaii Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

49. <u>Manageability.</u> This case will be manageable as a Rule 23 Class action. Plaintiff and her counsel know of no unusual difficulties in this case and PBS Corp. has advanced, networked computer and payroll systems that will allow the class, wage,

and damages issues in this case to be resolved with relative ease. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Rule 23 Hawaii Class members will be promoted. Additionally, class treatment in this matter will provide for judicial consistency.

50. Notice of the pendency and any resolution of this action can be provided to the Rule 23 Hawaii Class by mail, electronic mail, text message, print, broadcast, internet and/or multimedia publication. The identity of members of the Rule 23 Hawaii Class is readily identifiable from PBS Corp.'s records.

51. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

52. Ultimately, a class action is a superior form to resolve the Hawaii state law claims detailed herein because of the common nucleus of operative facts centered on PBS Corp.'s failure to pay Plaintiff and the Rule 23 Hawaii Class for all overtime hours worked at the proper rate of pay.

## COUNT I
## 29 U.S.C. § 216(b) COLLECTIVE ACTION VIOLATION OF FLSA, 29 U.S.C. § 201 *et seq.* FAILURE TO PAY OVERTIME WAGES

53. Plaintiff realleges and incorporates paragraphs one (1) through fifty-two

(52) above as though fully stated herein.

54. At all times relevant to this action, PBS Corp. was engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

55. At all times relevant to this action, Plaintiff and the FLSA Collective were "employees" of PBS Corp. within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

56. Plaintiff and the FLSA Collective, by virtue of being hourly-paid employees, are all non-exempt employees under the FLSA.

57. Plaintiff and the FLSA Collective either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

58. At all times relevant to this action, PBS Corp. "suffered or permitted" Plaintiff and the FLSA Collective to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

59. Plaintiff and the FLSA Collective were directed by PBS Corp. to work, and did work, over 40 hours in one or more individual workweeks.

60. In workweeks where Plaintiff and other FLSA Collective members worked 40 hours or more, they should have been paid for such overtime work at the federally mandated rate of one and one-half times the "regular rate" at which they were employed, including bonuses, commissions, shift differentials and nondiscretionary incentive pay where applicable. 29 U.S.C. § 207.

61. PBS Corp. violated the FLSA by failing to pay Plaintiff and the FLSA Collective for all hours worked over forty (40) in each week at one-and-one-half times their regular rate of pay.

62. PBS Corp.'s FLSA violations were knowing and willful. PBS Corp. knew or could have easily determined that Plaintiff and the FLSA Collective were entitled to overtime pay at the rate of one-and-one-half times their regular rate of pay, but deliberately chose not to pay such rates.

63. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

<u><b>COUNT II</b></u><br/><u><b>RULE 23 HAWAII CLASS ACTION VIOLATION OF HAWAII WAGE AND HOUR LAW, HRS § 387-1, <i>et seq</i>. FAILURE TO PAY OVERTIME WAGES</b></u>

64. Plaintiff realleges and incorporates paragraphs one (1) through fifty-two (52) above as though fully stated herein.

65. Plaintiff and the Rule 23 Hawaii Class were governed by the wage and overtime requirements, Chapter 387 of the Hawaii Revised Statutes. Section 387-3 of the Hawaii Revised Statutes requires employees be paid at least one-and-one-half times the regular rate of pay for all hours over forty (40) hours in one work week.

66. During the last six (6) years, PBS Corp. has systemically denied Plaintiff

and the Rule 23 Hawaii Class overtime compensation at the rate of one-and-one-half times their regular rate of pay for all hours worked over forty (40) hours in one work week.

67. PBS Corp.'s violations were knowing and willful. PBS Corp. knew or could have easily determined that Plaintiff and the Rule 23 Hawaii Class were entitled to overtime pay at the rate of one-and-one-half times their regular rate of pay, but deliberately chose not to pay such rates.

68. Plaintiff and the Rule 23 Hawaii Class are entitled to recover the unpaid balance of the full amount of the overtime wages, including interest thereon, and reasonable attorney's fees and costs, under Section 387-12(c) of the Hawaii Revised Statutes.

69. Plaintiff and the Rule 23 Hawaii Class are entitled to recover an additional equal amount as liquidated damages pursuant to Section 387-12(b) of the Hawaii Revised Statutes as Defendant's conduct was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of the putative FLSA Collective and Rule 23 Hawaii Class, requests judgment as follows:

a. Certifying this action as a collective action in accordance with 29 U.S.C. § 216(b);

b. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, dates of employment, and phone numbers of all FLSA Collective members, and

      permitting Plaintiff to send notice of this action to all those similarly situated individuals, so as to apprise the FLSA Collective members of their rights by law to join and participate in this lawsuit;

c. Designating Plaintiff as the representative of the FLSA Collective and undersigned counsel as class counsel for the same;

d. Declaring Defendant violated the FLSA and the Department of Labor's (DOL) attendant regulations as cited herein;

e. Declaring Defendant's violations of the FLSA were willful;

f. Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective the full amount of damages and liquidated damages available by law;

g. Certifying this as a Rule 23 class action on behalf of the Rule 23 Hawaii Class;

h. Designating Plaintiff as the representative of the Rule 23 Hawaii Class and undersigned counsel as class counsel for the same;

i. Declaring Defendant violated Hawaii State Wage Laws, as outlined herein;

j. Declaring Defendant's violations of the Hawaii State Wage Laws were willful;

k. Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the Rule 23 Hawaii Class the full amount of damages and interest available by law;

l. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

m. Awarding pre- and post-judgment interest to Plaintiff on these damages; and

n. Awarding such other and further relief as this Court deems appropriate.

## **JURY DEMAND**

Plaintiff, individually and on behalf of all others similarly situated, by and through her attorneys, hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38 and the court rules and statutes made and provided with respect to the above-entitled cause.

Dated this 4th day of October, 2024.

Respectfully submitted,

MORGAN & MORGAN, P.C.


       /s/ Rachel A. Zelman
*Counsel for the Plaintiff and Putative Class Members*