IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SALU STATEN, on behalf of herself, and others similarly situated, | Civil No. 24-00435 MWJS-KJM |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO GRANT THE JOINT MOTION TO APPROVE SETTLEMENT |
| vs. | |
| POSITIVE BEHAVIOR SUPPORTS CORPORATION, | |
| Defendant. | |

FINDINGS AND RECOMMENDATION TO GRANT
THE JOINT MOTION TO APPROVE SETTLEMENT

On April 30, 2025, Plaintiff Salu Staten ("Plaintiff") and Defendant Positive Behavior Supports Corporation ("Defendant") filed a Joint Motion to Approve Settlement ("Motion"). ECF No. 28. On May 15, 2025, pursuant to the Court's request, the parties filed a joint Supplemental Memorandum of Law in Support of Settlement Amount and Attorney Fee Award ("Supplemental Memorandum"). ECF No. 30.

On May 28, 2025, the Court held a hearing on the Motion. ECF No. 33. C. Ryan Morgan, Esq., appeared on behalf of Plaintiff. David M. Gobeo, Esq., and Lindalee K. Farm, Esq., appeared on behalf of Defendant. After carefully considering the memoranda, oral arguments, applicable law, and record in this

case, the Court FINDS and RECOMMENDS that the district court GRANT the Motion for the reasons set forth below.

## BACKGROUND

On October 4, 2024, Plaintiff filed a Collective/Class Action Complaint ("Complaint"), alleging violations of the Fair Labor Standards Act ("FLSA") and the Hawaii Wage and Hour Law ("HWHL"). ECF No. 1. Plaintiff alleges that Defendant did not properly compensate her and other behavioral technicians for overtime hours worked. *Id.* On November 13, 2024, Defendant timely filed its Answer and Affirmative Defenses to Plaintiff's Complaint, asserting a number of defenses including that Plaintiff's and the other behavioral technicians' claims for overtime compensation were barred by exemptions to the FLSA. ECF No. 14.

The parties engaged in extensive settlement discussions regarding the claims alleged and engaged in informal discovery. Experienced counsel represented all parties. Although the parties dispute the merits of Plaintiff's claims, each side was able to recognize the risks and additional costs associated with continued litigation, particularly where the FLSA exemption determination presented an all-or-nothing outcome for both sides.

Although Plaintiff's lawsuit was originally presented as a possible class and collective action, Plaintiff did not seek certification and the Court has not certified any such class. Therefore, Plaintiff is the only party to the settlement agreement.

The rights of the putative class and collective members are not affected or prejudiced by the settlement.

As a result of their negotiations, the parties have reached agreement on the material terms of a settlement of Plaintiff's claims. On February 21, 2025, Plaintiff informed the Court that the parties had reached a settlement. ECF No. 25. On March 24, 2025, the parties executed a formal confidential settlement agreement. ECF No. 28 at 23 ¶ 8 (Declaration of David Gobeo), 28 ¶ 8 (Declaration of C. Ryan Morgan Declaration). The settlement agreement provides Plaintiff with the full wage relief sought, an equal amount in liquidated damages, plus a separately negotiated amount for attorneys' fees and a general release. *Id.* at 24 ¶ 10, 29 ¶ 10.

In exchange for the promises, agreements, and legal releases stated in the settlement agreement, Plaintiff and her counsel will receive a full and complete satisfaction of all claims in this action based on the number of hours Plaintiff is alleged to have worked without compensation. *Id.* Plaintiff has agreed to release Defendant from any and all existing claims under federal, state, or local law. *Id.* In the settlement, Defendant does not admit wrongdoing or liability regarding Plaintiff's claims, including, but not limited to, claims that Plaintiff and/or any putative class or collective action members were not properly compensated for all hours worked. *Id.*

On March 3, 2025, the parties attended a status conference during which they informed the Court that the parties reached a settlement. ECF No. 27. Additionally, the parties indicated that they intended to file a joint motion seeking the court's approval of the settlement. *Id.*

On April 30, 2025, the parties filed the Motion.

## DISCUSSION

In reviewing FLSA settlements, courts must determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Almodova v. City & Cnty. of Honolulu*, Civil No. 07-00378 DAE-LEK, 2010 WL 1372298, at *3 (D. Haw. Mar. 31, 2010) (quoting *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353–54 (11th Cir. 1982)), *adopted by* 2010 WL 1644971 (D. Haw. Apr. 20, 2010)). For the reasons discussed below, the Court finds that the settlement between the parties in this action was a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

I.      A Bona-Fide Dispute Concerning Plaintiff's FLSA Claims Exists.

"A bona fide dispute exists when there are legitimate questions about the existence and extent of Defendant's FLSA liability." *Pelayo v. Platinum Limousine Servs., Inc.*, CIVIL NO. 15-00023 DKW-KJM, 2016 WL 7734557, at *4 (D. Haw. June 6, 2016) (citation omitted), *adopted in part by* 2016 WL 5402185 (D. Haw. Sept. 27, 2016), *aff'd,* 804 F. App'x 522 (9th Cir. 2020). Here, the parties dispute

4

whether Plaintiff is entitled to any relief under the FLSA for alleged uncompensated hours.  In addition, the parties dispute whether Plaintiff's claims are viable (specifically, whether Plaintiff worked uncompensated hours) and the extent of any damages under the FLSA and the HWHL.  Despite these disagreements, the parties have reached a compromise that reflects the positions of the parties with respect to potential litigation costs and risks for each.  Inasmuch as there are legitimate questions as to the extent of Defendant's liability under the FLSA, the Court finds that a bona-fide dispute as to Defendant's FLSA liability is present.  *See id.*

II.     The Settlement is Fair and Reasonable.

In determining whether a FLSA settlement is "fair and reasonable," the court applies the following factors:  (i) the strength of Plaintiff's case; (ii) the risks of further litigation; (iii) the extent of discovery completed and the stage of the proceedings; (iv) the expense, complexity, and duration of further litigation; (v) the amount offered in settlement; (vi) the experience and views of counsel; and (vii) Plaintiff's reaction to the settlement.  *Almodova,* 2010 WL 1372298, at *4–6; *see also Kaiaokamalie v. Matson Terminals, Inc.,* Civ. No. 13-00383 JMS-RLP, 2016 WL 7476336, *6–7 (D. Haw. December 29, 2016) (applying the same factors).

This Court finds that the application of these factors to the circumstances here leads to a determination that the instant settlement is fair and reasonable.

5

A. The Strength of Plaintiff's Case

Plaintiff and her counsel believe that Plaintiff's FLSA claims are well-grounded in existing law. Fed. R. Civ. P. 11(b)(2) ("the claims . . . are warranted by existing law"). Plaintiff bears the burden of establishing her claims of uncompensated work. Plaintiff, however, could face some difficulties in meeting this burden. Defendant contends that it kept accurate records of Plaintiff's worktime and paid her according to those records. ECF No. 28 at 15. The consideration of the potential strength of Plaintiff's case thus weighs in favor of approving the settlement. *Almodova,* 2010 WL 1372298, at *4–5 (finding that the strength of plaintiff's case factor weighs in favor of settlement when certain "factual elements of the uncompensated work claims may be difficult to prove").

B. The Risks of Further Litigation

"Courts favor settlement of [FLSA claims] where 'there is a significant risk that litigation might result in a lesser recover[y] . . . or no recovery at all.'" *Talavera v. Sun-Maid Growers of Cal.*, No. 1:15-cv-00842-DAD-SAB, 2020 WL 2195115, at *8 (E.D. Cal. May 6, 2020) (citation omitted). Here, the parties understand the risks of litigating over a fact dispute relating to the number of compensable hours worked and paid. ECF No. 28 at 23 ¶ 7, 28 ¶ 7. The consideration of the risks associated with further litigation weighs in favor of approving the settlement. *See Almodova,* 2010 WL 1372298, at *5 (acknowledging

6

risks associated with some of the claims and finding that the risks weighed in favor of settlement approval); *see also Dashiell v. Cnty. of Riverside*, Case No. EDCV 15-00211 JGB (SPx), 2018 WL 3629915, at *4 (C.D. Cal. July 19, 2018) (acknowledging risks of a "lower damage award[]" if a lawsuit were to proceed to trial as a risk favoring settlement approval).

    C.    Stage of Proceedings and Extent of Discovery Completed

The instant lawsuit was still in the early discovery stage. The parties have conducted minimal discovery in the form of, among other things, initial disclosures and the voluntary exchange of pay and time records. While minimal, the discovery conducted in this lawsuit has been sufficient for both Plaintiff and Defendant to evaluate the merits and deficiencies of their positions relating to Plaintiff's FLSA claims. ECF No. 28 at 23 ¶ 7, 28 ¶ 7. The stage of the proceedings coupled with the extent of discovery completed support approval of the settlement. *Almodova*, 2010 WL 1372298, at *5 (completion of enough discovery "to allow a realistic evaluation of the case" favors approval of the settlement).

    D.    Expense, Complexity, and Duration of Further Litigation

While some discovery has been conducted, the parties anticipate that they would need to conduct a significant amount of additional discovery, such as written discovery requests and oral depositions, to adequately prepare for trial. In addition, the parties anticipate retaining expert witnesses and filing pre-trial

dispositive motions if this lawsuit were to proceed.  In light of this substantial work, the parties would incur significant legal expenses and costs.  *See* ECF No. 28 at 24 ¶ 11, 29 ¶ 11.  The expense and duration of further litigation favors approval of the settlement.  *Cooper v. Dept. of Tax'n,* CIV. NO. 18-00284 JAO-RT, 2019 WL 6502109, at *4 (D. Haw. Sept. 25, 2019) ("The likelihood of prolonged litigation weighs in favor of settlement"), *adopted by* 2019 WL 6114532 (D. Haw. Nov. 18, 2019), *aff'd,* 828 F. App'x 453 (9th Cir. 2020).

    E.    Amount Offered in Settlement

The amount that Defendant offered Plaintiff in settlement is fair and reasonable, as it includes the full relief requested for $5,000 for Plaintiff's back wages.  While Plaintiff could theoretically recover her purported damages and attorneys' fees at trial, Plaintiff would also assume a significant risk of proceeding to trial.  Plaintiff will bear the burden of proving her off-the-clock work under the FLSA.  If Plaintiff were unable to meet this burden, she would recover nothing.  Plaintiff's counsel has apprised Plaintiff of this possibility, and Plaintiff decided to accept Defendant's settlement offer.

Despite the potential deficiencies in Plaintiff's case, the settlement offer that Defendant made and Plaintiff accepted is significant.  Specifically, Defendant will pay the full amount that Plaintiff requested in back wages, an equal amount in liquidated damages, a separately negotiated amount for attorneys' fees, and separate

terms for a general release.  ECF No. 28 at 24 ¶ 10, 29 ¶ 10.  The settlement amount favors approval of the settlement.  *See Cooper,* 2019 WL 6502109, at *4 (finding that FLSA settlement reflected a fair and reasonable compromise when "the amount offered by the Defendants was a substantial sum given the facts of th[e] case") (citation omitted).

    F.    Experience and Views of Counsel

Experienced counsel represented the parties.  ECF No. 28 at 23 ¶ 7, 28 ¶ 7.  Counsel for Defendant and Plaintiff have approved of the form and content of the settlement agreement and the parties have executed the settlement agreement.  ECF No. 28 at 23 ¶ 8, 24 ¶ 11, 25 ¶ 12, 28 ¶ 8, 29 ¶ 11, 29–30 ¶ 12.  Counsel's approval of the settlement favors the Court's approval of the settlement agreement.  *Almodova,* 2010 WL 1372298, at *5 (views of counsel weigh in favor of settlement approval when plaintiffs' counsel stated belief that "settlement should be approved"); *Talavera*, 2020 WL 2195115, at *9 ("In determining whether a settlement is fair and reasonable, '[t]he opinions of counsel should be given considerable weight both because of counsel's familiarity with th[e] litigation and previous experience with cases.'") (citation omitted and alterations in original).

  G.  Plaintiff's Reaction to the Settlement

 Plaintiff accepted the terms of the settlement freely.  Insofar as Plaintiff has chosen to accept the settlement in lieu of proceeding to trial, the factor requiring consideration of Plaintiff's reaction to the settlement weighs in favor of the agreement's approval.  *Almodova,* 2010 WL 1372298, at *6 (decision to accept settlement offer "weighs strongly in favor of settlement approval").

 Based on the foregoing, the Court finds that all of the relevant factors weigh in favor of approving the settlement.

III. The Legal Fees to Plaintiff's Counsel are Reasonable.

 When "a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." *Talavera,* 2020 WL 2195115, at *10 (citing 29 U.S.C. § 216(b)) (other citation omitted).  Pursuant to the settlement agreement, a portion of the settlement funds are earmarked for Plaintiff's counsel.  ECF No. 28 at 19; ECF No. 30 at 8–9 ¶¶ 7, 8.  That portion is separate from, and thus does not diminish, the amounts that are to be paid to Plaintiff in settlement of her back wages and liquidated damages claims.  The attorneys' fees and costs owed to Plaintiffs' counsel constitutes 40% of the settlement amount.  *See* ECF No. 30 at 3, 8–9 at ¶ 7.  Of that 40%, 37.6% represents attorneys' fees.  *Id.*  At the hearing on the Motion, the Court confirmed the attorneys' fees and costs owed to Plaintiff's counsel.

10

The Supplemental Memorandum states that, "[c]onsidering the totality of the work expended by counsel for Plaintiff, the allotted fee is reasonable under the circumstances." ECF No. 30 at 3–4 (citing *Talavera,* 2020 WL 2195115 ("tak[ing] [no] issue" with a fee award included in an FLSA collective action settlement, which roughly constituted "seventy-nine percent of [the] *total* settlement amount[,]" inclusive of attorneys' fees) (emphasis added); *Dudley v. TrueCoverage LLC,* Case No. CV 18-3760 PA (AGRx), 2019 WL 3099661, at *6 (C.D. Cal. Mar. 22, 2019) (approving fees award in FLSA collective action settlement constituting sixty-six percent of total settlement fund, inclusive of attorneys' fees)). Based on the foregoing, the Court finds that the amount of legal fees to be paid to Plaintiff's counsel is reasonable.

Based on the foregoing, the Court finds that the settlement between Plaintiff and Defendant is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

## CONCLUSION

Based on the foregoing, this Court FINDS that there was a bona fide dispute as to Defendant's liability under Plaintiff's FLSA claims, and the settlement provides a fair and reasonable resolution of this dispute. Accordingly, the Court RECOMMENDS that the district court grant the Joint Motion to Approve Settlement (ECF No. 28).

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, June 12, 2025.



Kenneth J. Mansfield
United States Magistrate Judge

*Staten v. Positive Behav. Supports Corp.*, Civil No. 24-00435 MWJS-KJM; Findings and Recommendation to Grant the Joint Motion to Approve Settlement